EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MUHAMMED KAHN TUMANI,                    :
*et al.*,                                :
                                         :
                 Petitioners/            :
                 Plaintiffs,             :        Civil Action No.:     05-0526 (RMU)
                                         :
           v.                            :
                                         :
GEORGE W. BUSH *et al.*,                 :
                                         :
                 Respondents/            :
                 Defendants              :

#### ORDER

##### DIRECTING THE DEFENDANTS TO SHOW CAUSE AND SUBMIT FACTUAL RETURNS

Before the court is the plaintiffs' petition for a writ of habeas corpus. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. In addition, "[t]he person to whom the . . . order is directed *shall* make a return certifying the true cause of the detention." *Id.* (emphasis added).

The government takes the position that "[i]t makes no sense for proceedings related to the merits of these cases, such as submission of factual returns in response to orders to show cause regarding the issuance of habeas writs, to go forward when decisions from the D.C. Circuit . . . will determine the legal analyses applicable to the cases[.]" Defs.' Mot. to Stay at 9. Furthermore, the government argues that requiring submission of factual returns burdens the

government's resources and risks the inadvertent disclosure of classified information. *Id.* at 12-13.

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective orders entered in this case will guard against any inadvertent disclosures. Finally, the government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 19th day of April, 2005,

**ORDERED** that the defendants shall show cause why the writ should not be granted and submit factual returns within 90 days of this order.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MAHMOOD AL-MOHAMMED, et al.,

Petitioners,

v.

GEORGE W. BUSH, et al.,

Respondents.

Civil Action 05-00247 (HHK)

---

## MEMORANDUM ORDER

Before the court is respondents' "motion to stay proceedings pending related appeals and

for continued coordination" [#7]. This case is one of at least 50 petitions for writ of habeas

corpus filed by detainees who are in respondents' custody at the United States Naval Base at

Guantánamo Bay, Cuba ("Guantánamo"). On January 19, 2005, Judge Richard Leon issued an

opinion granting respondents' motion to dismiss as to two habeas petitions. *Khalid v. Bush*, 355

F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in eleven

other coordinated cases, granting in part and denying in part respondents' motion to dismiss.

Judge Green held that the petitioner-detainees "have the fundamental right to due process of law

under the Fifth Amendment," *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d at 463, and

that the review proceedings as implemented by the United States military had failed to protect

those due process rights. *Id.* at 468. Subsequently, Judge Green issued an order certifying her

ruling for interlocutory appeal and staying the proceedings in the eleven coordinated cases

pending resolution by the D.C. Circuit of the parties' cross-appeals as well as petitioners' appeal

of Judge Leon's decision in *Khalid*. Respondents correctly point out that a stay is also appropriate for habeas cases filed after Judge Green's ruling, such as this one, since decisions on the appeals "will determine the legal analyses applicable to the cases and, indeed, whether and how these cases should proceed." Resp'ts' Mot. to Stay at 8.

Respondents assure the court that "in seeking a stay . . . respondents do not intend thereby to block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantánamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id.* at 1. Respondents do, however, raise two objections to releasing factual returns for petitioners. First, Respondents claim that "access to factual returns during the appeals is not necessary," *id.* at 11. Second, they contend that "submission of factual returns would impose significant burdens and potential risks on the government." Resp'ts' Mot. to Stay at 11.

Respondents' position with respect to the release of factual returns must be rejected. With respect to the necessity for the returns, petitioners' counsel must have access to them in order to develop a meaningful understanding of the "basic factual allegations that underlie Mr. Al-Mohammed's detention," Pet'rs' Opp'n at 8, and prepare for consultation with their clients. As for Respondents' contention that the submission of the factual returns "would impose significant burdens and potential risks on the government," the entry of the protective order should allay Respondents' fears of inadvertent disclosure of classified or otherwise protected information. Meanwhile, Respondents' assertion that they "face an immense logistical burden to process and file the returns," *id.*, is entirely unconvincing in light of the government's demonstrated capabilities in managing the numerous factual returns that it has already submitted

2

for other petitioner-detainees. *See In re Guantanamo Detainee Cases*, 355 F. Supp. 2d at 451-52.

Accordingly, it is this 30th day of April, 2005, hereby

       **ORDERED**, that respondents' motion to stay is **GRANTED**, except that petitioners may

seek emergency relief from this court in appropriate circumstances; and it is further

       **ORDERED**, that the court enters by way of reference the protective orders Judge Green

issued on November 8, 2004, and December 13, 2004, as well as the order Judge Green issued on

November 10, 2004 addressing designation procedures for "protected" information, except that

the November 2004 deadlines indicated in the latter order are inapplicable; and it is further

       **ORDERED**, that respondents shall file factual returns regarding petitioner-detainee

within 45 days of the issuance of this order.

                                Henry H. Kennedy, Jr.
                                United States District Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MURAT KURNAZ, et al. ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil No. 04-1135 (ESH) |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| JAMEL AMEZIANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil No. 05-0392 (ESH) |
| v. ) | |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Respondents ) | |

## ORDER

Petitioners in the above-captioned cases have each requested a preliminary injunction ordering respondents to provide advance notice of petitioners' transfer from the United States Naval Base at Guantanamo Bay, Cuba, where they are currently detained. Murat Kurnaz, a twenty-two year old Turkish citizen who was born and raised in Germany, has been detained in Guantanamo Bay for more than three years. He requests thirty-days notice to counsel of any proposed transfer. Jamel Ameziane is a citizen of Algeria and has been detained for more than two years. Mr. Ameziane is as yet unaware of his representation by counsel. His counsel

-1-

requests that petitioner not be transferred from Guantanamo until counsel has had an opportunity to meet with him to ascertain his interests.

Kurnaz's case was initially consolidated before Judge Joyce Hens Green and has been stayed pending appeal to the United States Court of Appeals for the District of Columbia. *See* Order Granting in Part and Denying in Part Resp'ts' Mot. for Certification of Jan. 31, 2005 Orders and For a Stay, *In re Guantanamo Detainee Cases*, No. 02-0299, *et al.* (D.D.C. Feb. 3, 2005).[1] Since Ameziane's Petition for Writ of Habeas Corpus was filed subsequent to Judge Green's decision, it is not subject to the stay or protective orders entered by her. This Court ordered respondents to show cause by April 1, 2005 why Ameziane's writ should not be granted. (Show Cause Order, Mar. 10, 2005.) Respondents have, however, moved for a stay, which Ameziane opposes. Ameziane has also moved for entry of a protective order. The parties presented oral argument on each of these motions on April 8, 2005.

As neither Ameziane nor respondents oppose entry of protective orders identical to those entered by Judge Green, the Court does so by order below. The Court also concludes that respondents' Motion to Stay should be granted. However, to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal, respondents are ordered to provide factual returns to Ameziane's counsel within ninety days of the date of this Order. Finally, upon consideration of the arguments of the parties, in view of the orders issued

---

[1] The stay entered by Judge Green does not bar the Court's consideration of Kurnaz's motion for injunctive relief. As noted by Judge Collyer, the stay was intended to save time, money, and judicial resources, but "could not be read to also deprive Petitioners of their rights to seek emergency assistance when faced with continued detention at the request of the United States but no venue in which to challenge its legality." *Abdah v. Bush*, 2005 WL 711814, at *4 (D.D.C. Mar. 12, 2005).

by four other judges on this Court granting substantially identical relief as is requested in this case, *see Al-Marri v. Bush*, No. 04-2035 (D.D.C. Apr. 4, 2005); *Al-Joudi v. Bush*, No. 05-0301 (D.D.C. Apr. 4, 2005); *Al-Oshan v. Bush*, No. 05-0520 (D.D.C. Mar. 31, 2005); *Al-Shiry v. Bush*, No. 04-0490 (D.D.C. Apr. 1, 2005); *Abdah v. Bush*, 2005 WL 711814 (D.D.C. Mar. 29, 2005), and for the reasons stated below, the Court concludes that petitioners must be given notice of a potential transfer in a limited type of circumstance. In particular, if respondents have not reached a diplomatic understanding with the transferee country that a petitioner's transfer from Guantanamo is for release only, respondents must provide that petitioner's counsel with thirty days advance notice of the proposed transfer.

In *Rasul v. Bush*, 124 S. Ct. 2686 (2004), the Supreme Court held that federal courts have jurisdiction to determine the legality of the ongoing detention of petitioners held in Guantanamo Bay. *Id.* at 2698. *See also In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443, 464 & 479 (D.D.C. 2004) (Guantanamo detainees possess rights under the Due Process Clause and Geneva Convention); *Hamdan v. Rumsfeld*, 344 F. Supp. 2d 152, 165 (D.D.C. 2004) (Guantanamo detainees possess rights under Geneva Convention). Accordingly, the Court must also have authority to preserve this jurisdiction if it can be shown that respondents are acting to circumvent it. *See* All Writs Act, 28 U.S.C. § 1651(a); *Al-Marri*, No. 04-2035, slip. op. at 10 n.11 (quoting *SEC v. Vision Communications, Inc.*, 74 F.3d 287, 291 (D.C. Cir. 1996)) (All Writs Act "empowers a district court to issue injunctions to protect its jurisdiction"); *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) (federal courts "may and should take such action as will defeat attempts to wrongfully deprive parties" of their right to sue in federal court) (internal citation omitted); *Lindstrom v. Graber*, 203 F.3d 470, 474-76 (7th Cir. 2000) (All Writs Act

-3-

permits court to stay extradition pending appeal of habeas corpus petition); *Michael v. INS*, 48

F.3d 657, 664 (2d Cir. 1995) (All Writs Act permits federal Court of Appeals to stay a

deportation order pending review of its legality). *Cf.* Fed. R. App. P. 23(a); *Jago v. U.S. Dist.*

*Court*, 570 F.2d 618, 623 (6th Cir. 1978) (Rule 23(a) preserves district judge's authority to issue

order regarding custody of prisoner pending review of habeas petition).

Respondents state that some petitioners may be transferred to custody of a foreign

government

> for investigation and possible prosecution and continued detention when those
> governments are willing to accept responsibility for ensuring, consistent with their
> laws, that the detainees will not continue to pose a threat to the United States and
> its allies. Such governments can include the government of a detainee's home
> country, or a country other than the detainee's home country that may have law
> enforcement or prosecution interest in the detainee.

(Waxman Decl. ¶ 3.) According to respondents, once such a transfer is effected, the Court would

lose its jurisdiction. While the Court has no occasion to decide at this time whether this or any

other type of transfer could be subject to an injunction, several examples offered by petitioners

raise sufficiently serious concerns to justify the limited remedy of advance notice. For instance, a

petitioner could be transferred to the custody of a different United States custodian in a foreign

country, such as the United States military base in Afghanistan. (*See* Kurnaz Reply at 14.)

Alternatively, he could be transferred to the custody of a foreign government, but held under the

direction and control of the United States government. *See Abu Ali*, 350 F. Supp. 2d at 69. Or,

he could be transferred to the custody of a country where he has never had occasion to violate

that country's laws, again raising a possible question as to the governmental claim of an

"independent law enforcement" interest. In such narrowly circumscribed circumstances, closer

-4-

scrutiny of the transfer might well be appropriate in order to preserve the petitioner's right to obtain review of the legality of his detention.

For these reasons, it is hereby

**ORDERED** that respondents' Motion to Stay is **GRANTED** and *Ameziane v. Bush*, No. 05-0392, is **STAYED** pending resolution of all appeals in *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). This stay shall not, however, prevent the parties from availing themselves of the procedures set forth in the Protective Order entered below, nor shall it bar the filing or disposition of any motion for emergency relief.

It is further **ORDERED** that respondents shall provide a factual return to the Court and to counsel for Ameziane within ninety (90) days of the date of this Order; and it is further

**ORDERED** that the Court **ENTERS** by way of reference the protective order and supplementary orders previously entered in *In re Guantanamo Bay Detainee Cases*, Civil No. 02-0299, *et al.*, by Judge Joyce Hens Green. These include the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information," entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004.

It is further **ORDERED** that, where respondents do not have an understanding with the receiving country that a transfer from Guantanamo Bay, Cuba is for purposes of release only, respondents shall provide petitioner's counsel with thirty (30) days advance notice of the transfer,

including the proposed destination and conditions of transfer.

   **ORDERED** that petitioners' motions for preliminary injunctions are **DENIED AS MOOT**.


_____ s/ _____
ELLEN SEGAL HUVELLE
United States District Judge


Date: April 12, 2005

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUHAMMAD AL-ADAHI, et al.,          :
                                    :
        Petitioners,                :
                                    :
        v.                          :    Civil Action No. 05-280 (GK)
                                    :
GEORGE W. BUSH, et al.,             :
                                    :
        Respondents.                :
_____     :
MAJID ABDULLA AL JOUDI,             :
et al.,                             :
                                    :
        Petitioners,                :
                                    :
        v.                          :    Civil Action No. 05-301 (GK)
                                    :
GEORGE W. BUSH, et al.,             :
                                    :
        Respondents.                :

## ORDER

Petitioners in the above-captioned cases have each requested immediate issuance of a writ of habeas corpus under 28 U.S.C. § 2243 and/or for sanctions based on Respondents' failure to comply with a direct order of this Court. All Petitioners are currently detained at the U.S. Naval Base at Guantanamo Bay, Cuba.

On March 7, 2005, in Civil Action No. 05-280 and in Civil Action No. 05-301, the Court ordered the Government, by March 28, 2005, to show cause why a writ should not be granted. The Government did not comply and instead filed a Motion to Stay

Proceedings. Petitioners in both cases have filed Oppositions to the Motions to Stay, and Respondents have filed Replies.

Upon consideration of the Motions, Oppositions, and Replies, the Court concludes that Respondents' Motions to Stay should be **granted**.

To ensure that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules in In re Guantanamo Detainees Cases, 355 F. Supp.2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp.2d 311 (D.D.C. 2005), it is hereby

**ORDERED** that Respondents shall, by August 1, 2005, or earlier, provide factual returns to Petitioners' counsel supporting the detention of their clients.[1] If necessary and appropriate, such factual returns may be filed under seal; and it is further

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information" entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended

---

[1]    Appellate briefing will be completed by the end of June. No date has been set for oral argument. Thus, it is highly unlikely that the Court of Appeals will have ruled by August 1, 2005. By giving the Government three months to file its factual returns, it will have ample time to complete the administrative tasks involved. More importantly, Petitioners will not be prejudiced by imposition of the Stay. Their counsel can begin preparing their defense well in advance of any ruling by the Court of Appeals and the delay they fear can be minimized.

Protective Order, issued on December 13, 2004, in In re Guantanamo Bay Detainee Cases, Civil No. 02-0299, et al., by Judge Joyce Hens Green shall apply in this case; and it is further

ORDERED that Respondents' Motions to Stay are **granted** pending resolution of all appeals in In Re Guantanamo Detainees Cases, 355 F. Supp.2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp.2d 311 (D.D.C. 2005). This stay shall not prevent the parties from filing any motion for emergency relief.

April 29, 2005                       /s/_____
                                     Gladys Kessler
                                     United States District Judge

**Copies via ECF to all counsel
of record**

-3-