IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HALEEM,  )<br>  )<br>   Petitioner/Plaintiff  )<br>  )<br>v.  )<br>  )<br>GEORGE W. BUSH, President of the  )<br>United States, *et al.*,  )<br>  )<br>   Respondents/Defendants.  )<br>  ) | CA No. 05-2376 (RBW) |

**PETITIONER'S MOTION TO LIFT STAY AND TO ENTER PROTECTIVE
ORDER ALLOWING ACCESS OF COUNSEL TO PETITIONER AND
MEMORANDUM IN SUPPORT OF THE MOTION**

**I.    INTRODUCTION AND SUMMARY**

In this Motion, Petitioner, Abdul Haleem,[1] a detainee at Guantanamo Bay, Cuba under the control of the U.S. Defense Department, seeks an order lifting the stay of proceedings entered by this Court on January 11, 2006 for the purpose of putting in place the standard Protective Order[2] and related procedures for habeas corpus cases such as this so that counsel may travel to Guantanamo Bay to meet with Petitioner.

---

[1] Recently, pursuant to a Freedom of Information Act request, the Department of Defense released, for the first time, a list of the names of the detainees at Guantanamo Bay, Cuba. The name of Petitioner in this case was given as Abdul Halim Sadiqi, ISN # 1007, from Pakistan. See Attachment 2 to the Declaration of Richard L. Cys ("Cys Declaration") filed herewith. The published list includes all detainees who have gone through the Combatant Status Review Tribunal.

[2] The standard Protective Order was first entered in *Ab-day v. Bush*, 04-CV-1254 (HHK) by Judge Joyce Hens Green and nearly all other coordinated detainee cases. Other cases include: *Fazullah v. Bush*, 05-CV-01489 (D.D.C. April 21, 2006); *Sohail v. Bush*, 05-CV-00993 (D.D.C. April 21, 2006); *Al Salami v. Bush*, 05-CV-2452 (April 14, 2006); *Zahrad v. Bush*, 05-CV-2367 (April 12, 2006); *Alsaaei v. Bush*, 05-CV-2369 (April 12, 2006); and numerous others.

The Court has inherent authority to enter and enforce such orders as are necessary to preserve Petitioner's right to select counsel of his own choosing regardless of whether the Detainee Treatment Act of 2005[3] preserved habeas jurisdiction in this Court or transferred jurisdiction relating to his detention to another court.  No Protective Order was entered in this case before the Court entered its Order denying all pending motions without prejudice and invoking a stay of proceedings pending a jurisdictional ruling by the U.S. Court of Appeals for the District of Columbia Circuit.  Petitioner seeks only to have the Protective Order entered so that counsel may visit the Guantanamo Bay detention facilities and meet in the near future with Petitioner in accordance with that Protective Order and related procedures.

## II.     STATUS OF PROCEEDINGS

Petitioner filed this habeas corpus petition on December 12, 2005.  On December 19, 2005, Petitioner filed a Motion for Temporary Restraining Order and Preliminary Injunction that would have required Respondents to give notice of any intended transfer of Petitioner from Guantanamo Bay to any other country.  On the same date, Petitioner filed a Motion for Writ of Habeas Corpus or Order to Show Cause seeking a return by Respondents within 90 days of an entered Order.  On December 27, 2005, Respondents filed an Opposition to Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction.[4]

On December 30, 2005, Respondents file a Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, In the Alternative, To Stay Proceedings Pending Related Appeals.  The related appeals included the *Kahled*,

---

[3] Pub.L. 109-148, §§ 1001-1006 (enacted December 30, 2005).

[4] In this motion, Respondents noted that counsel for Petitioner were not certain of Petitioner's name (a point that was later clarified) and interposed other objections to representation of Petitioner, including the issue of next friend representation.

*Boumediene*, and *In re Guantanamo Detainee* cases pending before the U.S. Court of Appeals for the District of Columbia Circuit. *Kahled A.F. Al Odah, et al. v. United States of America*, Nos. 05-5095 through 05-5116; *Lakhdar Boumediene, et al. v. United States of America*, Nos. 05-5062-5063 (pending).

In addition, Respondents refused, both on December 16, 2005 and on June 14, 2006, to stipulate to the entry of the form of Protective Order adopted in other detainee habeas cases that sets forth the conditions under which counsel have access to classified information about a petitioner detainee at Guantanamo Bay and governs any visit by counsel with that detainee at the Naval Base in Cuba. See Cys Declaration at ¶¶ 5 and 6, and Attachments 4 and 5.

By Order dated January 4, 2006, the Court directed Petitioner to address the question of whether the Court has continuing jurisdiction over this habeas proceeding. According to the Order, the Court was prompted by the passage of the Detainee Treatment Act of 2005. However, on January 11, 2006, the Court issued an order denying without prejudice pending motions and issued a stay on all proceedings until a ruling by the District of Columbia Circuit on the question of whether the Detainee Act had eliminated jurisdiction over this case and others.

As of the filing of this Motion, the District of Columbia Circuit has not ruled on the jurisdictional question, nor has any other appellate court.

### III.    DISCUSSION

####    A.    Petitioner Has Sought to Retain Legal Counsel.

Petitioner, acting through a Next Friend Authorization given to Ahmed Abdel Aziz, has requested counsel selected by and through Clive Stafford Smith. See Cys Declaration at ¶ 2, Attachment 1 (unclassified attachment to Petition filed in this case). The law firm of Davis Wright Tremaine LLP has agreed to take on the representation of Petitioner on a pro bono basis. However, because of the stay in proceedings, a visit by counsel with Petitioner is not allowed

3

unless a Protective Order is entered. Richard Cys has obtained his security clearance and is prepared to visit Petitioner in Guantanamo Bay as soon as possible.

The Protective Order sets forth a procedure whereby counsel may visit a detainee who has requested legal assistance but must confirm a representation agreement with Petitioner after the second visit. See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, entered November 8, 2004, Exhibit A.III.C.2. The purpose for this Motion is to allow the initial client/lawyer meeting in accordance with the security procedures spelled out in the Protective Order.

### B.     At Issue Is the Right to Select Civilian Counsel.

In June 2004, the Supreme Court ruled that individuals, regardless of citizenship, had the right to seek judicial review of their detention pursuant to habeas corpus jurisprudence of the United States. *Rasul v. Bush*, 542 U.S. 466, 484 (2004). The Supreme Court noted that the right of habeas relief has been recognized in a wide variety of cases of Executive detention, including a U.S. citizen who plotted to attack a military installation during the Civil War (*Ex parte Milligan*, 4 Wall. 2, 18 L.Ed. 281 (1866)) and enemy aliens during a declared war who were held in the United States and its insular possessions (*Ex parte Quirin*, 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3 (1942) and *In re Yamashita*, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499 (1946). This fundamental right for judicial review of detention was extended in Rasul to those held at the Naval Base at Guantanamo Bay, including Petitioner.

Any such judicial review inherently includes the right to select counsel to assist in such review. *Al Odah v. United States*, 346 F.Supp.2d 1, 8 (D.D.C. 2004) (the Supreme Court has found that petitioners have right to bring their claims before this court, and this court finds that petitioners cannot be expected to exercise this right without the assistance of counsel). The need

for counsel is especially acute for aliens who have no experience with the American judicial system.[5] Moreover, it was for the purpose of ensuring this right to counsel in the context of the special national security considerations of the war on terror that the Protective Order was developed for these cases. The Protective Order is the only method by which civilian counsel may visit a Guantanamo Bay detainee who seeks representation.

Respondents have stated that Guantanamo detainees, either as unlawful combatants or as prisoners of war, do not have the right to be represented by lawyers. See Department of Defense Fact Sheet, "The Legal Basis for Detaining Al Qaida and Taliban Combatants" (Attachment 3 to the Cys Declaration). It is also the position of Respondents that the Detainee Treatment Act of 2005 removed this Court's jurisdiction over Petitioner's habeas petition, therefore a Protective Order cannot be entered. This argument fails for at least two reasons.

First, this Court has continuing jurisdiction to determine jurisdiction and preserve the status quo. *United States v. United Mine Workers of America*, 330 U.S. 258, 290-93 (1947).

Second, Petitioner is entitled to have a system in place that allows him to meet with and confirm representation of private civilian counsel, regardless of whether the Detainee Treatment Act selected this Court or the District of Columbia Court of Appeals as the appropriate forum. The Detainee Act provides that any person detained as an enemy combatant at Guantanamo Bay may seek judicial review of (1) any final Combatant Status Review Tribunal as to that status and (2) any final decision rendered pursuant to Military Commission Order No. 1 or any successor military order. See § 1005(e) of Pub.L. 109-148 (amending 28 U.S.C. § 2241, the habeas corpus

---

[5] See *Powell v. Alabama*, 287 U.S. 45 (1932) (right to be heard of little avail if it did not comprehend the right to be heard though counsel); *Gideon v. Wainwright*, 372 U.S.335 (1963) (the right to assistance of counsel is a fundamental right).

statute, and setting forth a new judicial review procedure and standard for Guantanamo Bay alien detainees).

Consequently, regardless of the position of Respondents with respect to the right of Guantanamo Bay detainees to an attorney in other proceedings, Congress has now given the detainees a right to seek judicial review of certain Executive determinations with respect to their status in the U.S. Court of Appeals for the District of Columbia. This right of review includes a right to challenge whether the standards and procedures followed by the Executive are "consistent with the Constitution and laws of the United States." Such right of review implicates the right to counsel to assist in obtaining meaningful judicial review. Accordingly, a visit by counsel to Petitioner is appropriate, no matter how the jurisdictional issue is resolved under the Detainee Treatment Act, so that Petitioner may learn of his legal rights and take appropriate action to protect those rights.

      **C.**    **Other Courts Have Put A Protective Order Is In Place.**

Other courts have recently ruled that the pending jurisdictional issue under the Detainee Treatment Act does not prevent enforcement of the Protective Order so as to allow access by counsel to detainees. See *Salim Muhood Adem*, 05-CV-00732 (RWK)(AK), at *1 (Order dated March 21, 2006) (logistics of counsel remain even if Detainee Act applies to this case); *Al Salami v. Bush*, 05-CV-2452, at *1 (Order dated April 13, 2006); and *Said v. Bush*, 05-CV-2384 (Order dated May 23, 2006).

Recently, this Court granted Petitioner's Motion for Expedited Entry of Protective Order in *Mohammed Amon v. Bush*, 05-CV-1493 (Order dated June 12, 2006) and in *Nasrullah v. Bush*, 05-CV-891 (Order dated June 12, 2006). Petitioner seeks the same relief as sought by Petitioners in those cases.

IV.     CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that the Court enter the Amended Protective Order and Procedures of Counsel Access to Detainees at the U.S. Naval Base at Guantanamo By, Cuba first issued on November 8, 2004 in *In re Guantanamo Detainee Cases*, 344 F.Sup.2d 174 (D.D.C. 2004), the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004, in In re Guantanamo Detainee Cases, and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 12, 2004 in In re Guantanamo Detainee Cases.

Dated June 16, 2006

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

/s/
Richard L. Cys (DC Bar No. 087536)
1500 K Street, NW, Ste. 450
Washington, DC  20005-1272
Tel:  (202) 508-6617
Fax:  (202) 508-6699

James P. Walsh (DC Bar No. 930115)
One Embarcadero Center, Ste. 600
San Francisco, CA  94111-3611
Tel:  (415) 276-6556
Fax:  (415) 276-6599

*Counsel for Petitioner*

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tina Monshipour Foster
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012

## CERTIFICATE OF SERVICE

I, Richard L. Cys, hereby certify at on this 16th day of June, 2006, I caused copies of the foregoing Motion to Lift Stay and to Enter Protective Order Allowing Access of Counsel to Petitioner and Memorandum in Support of the Motion, and Declaration of Richard L. Cys, to be served on each of the Respondents or their counsel as follows:

*By Express Mail:*

Kenneth L. Wainstein
U.S. Attorney
District of Columbia District
Judiciary Center
555 4th Street, N.W.
Washington, DC  20530

Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
Robert F. Kennedy Building
Tenth Street & Constitution Avenue, N.W.
Room 5111
Washington, DC  20530

George W. Bush
President of the United States of America
The White House
1600 Pennsylvania Avenue, N.W.
Washington, DC  20500

Donald Rumsfeld
Secretary of Defense
U.S. Department of Defense
1000 Defense Pentagon
Washington, DC  20301-1000

*By email to:*

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Room 6120
Washington, DC  20530
e-mail:  Andrew.Warden@usdoj.gov


                                                 /s/
                                       Richard L. Cys