IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDUL HALEEM, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-2376 (RBW) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS'
MOTION TO LIFT STAY AND TO ENTER PROTECTIVE ORDER**

Respondents hereby respectfully submit this memorandum in opposition to petitioners' motion to lift the Court's January 11, 2006 stay of "all action" in this case and enter the Protective Order in this case (dkt. no. 14).[1]

---

[1] Pursuant to Local Rule 7(b), a memorandum in opposition to a motion must be filed "[w]ithin 11 days of the date of service or at such other time as the Court may direct." LCvR 7(b). The computation of this 11-day period is governed by Rule 6 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a). According to Rule 6(a), when computing a prescribed period of time, the day on which the designated period of time begins shall not be included, but "[t]he last day of the period so computed shall be included, unless it is a Saturday a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." Id. Rule 6(e) (as amended, effective December 1, 2005) further provides that "3 days are added after the prescribed period would otherwise expire under subdivision (a)." Fed. R. Civ. P. 6(e).

In this case, respondents were served with petitioners' motion via the Court's ECF system on June 16, 2006. Under Rule 6(a), the last day of the 11-day period to respond to petitioners' motion was Tuesday, June 27, 2006. Rule 6(e), in turn, enlarged this period by three days, which extended the deadline for filing a response to June 30, 2006. See also Adv. Comm. Note to Fed. R. Civ. P. 6 (2005 Amendments). Thus, the instant memorandum in opposition is filed within the deadline required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants; section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and § 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases. Id. § 1005(h). In light of the statutory withdrawal of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no jurisdictional basis to order the relief requested by petitioners.

The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[2] and our understanding is that it is the sense of the

---

[2] Oral argument before the D.C. Circuit was held on March 22, 2006.

Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, the Court's January 11, 2006 stay of "all action" in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the Act.  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power.").[3]  Entry of the Protective Order would be an

---

[3] Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 7), but refrained from doing so when they were informed that the sense of the Court was to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases.  During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit.  In certain cases, the Court entered the Protective Order after the Act became effective based on the consent of respondents given prior to the Act.  Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered.  In any event, respondents' actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits the Court to grant the relief requested by petitioners in this case.  See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

assertion of jurisdiction and authority in the case inconsistent with the Detainee Treatment Act's withdrawal of habeas jurisdiction of this Court and investment of exclusive jurisdiction in the Court of Appeals. Respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Thus, the relief requested by petitioners is not a matter independent of the jurisdictional question pending before the Court of Appeals, and the entry of the Protective Order despite the Act's withdrawal of this Court's habeas jurisdiction would constitute an assertion of authority that would seriously prejudice respondents.

     Further, petitioners possess no separate entitlement to counsel that warrants the application of the Protective Order to this action notwithstanding the jurisdictional infirmities present in this case. See Pets' Mot. at 1-2. In Rasul v. Bush, 542 U.S. 466 (2004), the Supreme Court held only that aliens detained at Guantanamo Bay can invoke the habeas jurisdiction of a district court under 28 U.S.C. § 2241 — jurisdiction now withdrawn by the Act — and did not address whether these detainees have any substantive rights, including the right to counsel. See id. at 484. Similarly, in Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted. See id. at 4-5, 7-8.

Thus, notwithstanding the Act's withdrawal of jurisdiction over this case, neither <u>Rasul</u> nor <u>Al Odah</u> compels the relief requested by petitioners.

Furthermore, as explained below, respondents also oppose petitioners' request for relief because it has not been established that jurisdictional requirements for a habeas petition have been established in this case. Petitioners have not demonstrated why the petition, not brought upon direct authorization from Abdul Haleem, the detainee for whom habeas relief is sought, but instead brought by another detainee claiming to act as his "next friend," should not be dismissed for lack of proper next friend standing. The putative "next friend" detainee, Ahmed Abdel Aziz, bears the burden of establishing his next friend status and justifying the exercise of the Court's jurisdiction over this action. <u>See</u> <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 163 (1990) ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."). To do so, he must satisfy the "two firmly rooted prerequisites" articulated by the Supreme Court in <u>Whitmore</u>: (1) he must demonstrate that the detainee on whose behalf he claims to file a petition for writ of habeas corpus cannot challenge the legality of his detention himself; and (2) he must have a significant relationship with this detainee in order to demonstrate that he is truly dedicated to the detainee's best interests. <u>Id.</u> at 163-64. The petition in this case fails to meet either requirement. <u>See</u> Resps' Motion for Order to Show Cause. Notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, if petitioners are unable to demonstrate that the petition was filed by a legitimate next friend, the Court cannot exercise jurisdiction over the petition, and the petition must be dismissed for lack of standing.

Entry of the Protective Order would also be inappropriate to the extent that petitioners' counsel will seek to characterize the Protective Order as guaranteeing counsel access to petitioners regardless of next friend standing or other jurisdictional issues in the case. Recently,

Magistrate Judge Kay has interpreted the Protective Order as guaranteeing any counsel who purport to represent a detainee privileged access to the detainee even in the face of respondents' challenge to next friend standing and other jurisdictional challenges in the case.  See Adem v. Bush, 2006 WL 751309 (Mar. 21, 2006) (dkt. no. 36), recons. denied, 2006 WL 1193853 (Apr. 28, 2006) (dkt. no. 42); Sadar Doe v. Bush, No. 05-CV-1704 (JR) (LFO) (AK) (Memorandum Order dated May 11, 2006) (dkt. no. 33); Said v. Bush, No. 05-CV-2384 (RWR) (AK) (Memorandum Order dated May 23, 2006) (dkt. no. 23); see also Razakah v. Bush, No. 05-CV-2370 (EGS) (Order dated May 18, 2006) (dkt. no. 23).  Respondents have noted the grave jurisdictional issues presented by the Magistrate Judge's interpretation of the Protective Order, as well as the inconsistency of that interpretation with the language, history and context of the Protective Order in the Guantanamo habeas cases, see e.g., Respondents' Motion for Stay and Reconsideration of Magistrate Judge's Order and Opinion Docketed on March 21, 2006 in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 38, 39); Respondents' Motion for Stay and Reconsideration of Magistrate Judge's May 11, 2006 Memorandum Order in Sadar Doe v. Bush, No. 05-CV-1704 (JR) (dkt. nos. 34, 35) (copy attached as Exhibit A).  The Magistrate Judge, however, has brushed aside respondents' objections and granted counsel access in such circumstances, characterizing his action merely as enforcement of the terms of the Protective Order.  See, e.g., Adem, 2006 WL 751309, *8-*11.  This Court should not enter the Protective Order in this case to the extent it may or will be interpreted in a fashion that will raise the serious jurisdictional and interpretive issues raised by respondents, including that of requiring the government to provide direct, privileged access to wartime detainees in a military detention facility for counsel merely purporting to represent a detainee, without demonstrating satisfaction of the jurisdictional requirements of a habeas case.

In sum, the petition in this case fails to satisfy the standing requirements articulated by the Supreme Court in Whitmore. Jurisdiction must be established and this case must be properly before the Court before any proceedings may commence, including entry of the Protective Order.[4] Notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, if petitioners are unable to demonstrate that the petition was filed by a legitimate next friend, the Court cannot exercise jurisdiction over the petition, and the petition must be dismissed for lack of standing.

* * *

For these reasons, petitioners' motion to lift stay and to enter the protective order should be denied.

Dated: June 29, 2006                           Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General

                                               DOUGLAS N. LETTER
                                               Terrorism Litigation Counsel

                                                  /s/ Preeya M. Noronha
                                               JOSEPH H. HUNT (D.C. Bar No. 431134)
                                               VINCENT M. GARVEY (D.C. Bar No. 127191)
                                               TERRY M. HENRY

---

[4] Even the Protective Order and counsel access procedures typically made applicable in Guantanamo detainee habeas cases provides that "[p]rior to being permitted access to the detainee," counsel must "provide evidence of his or her authority to represent the detainee." See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004), Ex. A, § III.C.1. Counsel has yet to provide sufficient evidence of their "authority to represent" the detainees for whom habeas relief is purportedly sought, i.e., to demonstrate the satisfaction of the requirements of next friend standing in this matter. The Protective Order thus contemplates counsel access to the detainees (including privileged mail correspondence and visits to Guantanamo Bay) only in cases properly before the Court.

JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents