# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )

ABDUL HALEEM, et al.,              )

                                   )

           Petitioners,        )

                                   )     Civil Action No. 05-2376 (RBW)

GEORGE W. BUSH, et al.,        )

                                   )

           Respondents.      )

_____)

## ORDER

      Currently before the Court is the petitioners June 16, 2006, Motion for Expedited Entry of Protective Order ("Pet.'s Mot."). In opposing this motion, the respondents first argue that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("DTA"), deprives this Court of jurisdiction to enter the protective order sought by the petitioners. See Respondents' Memorandum in Opposition to Petitioners' Motion for Entry of Protective Order ("Resps.' Opp.") at 2-4. However, the Supreme Court expressly foreclosed this argument in Hamdan v. Rumsfeld, 548 U.S. ___, ___, No. 05-184, slip op. at 11-20 (U.S. June 29, 2006) (holding that §§ 1005(e)(1) of the DTA does not deprive courts of jurisdiction in cases brought by Guantanamo Bay detainees prior to the effective date of the DTA). Accordingly, the Court rejects the respondents' first position.[1]

---

[1] The respondents further argue that the "petitioners possess no separate entitlement to counsel that warrants the application of the of the Protective Order," Resps.' Opp. at 4, and that the Court's discretionary, statutory authority to appoint counsel for habeas petitioners recognized in Al Odah v. United States, 346 F. Supp. 2d 1, 4-5, 7-8, 11 n.12 (D.D.C. 2004), has been withdrawn by the DTA. This position is also foreclosed by the Supreme Court's conclusion in Hamdan, 548 U.S. at ___, slip op. at 11-20. The Court therefore concludes that its authority to appoint counsel recognized in Al Odah remains good law.

Second, the respondents contend that the petitioners have not satisfied the jurisdictional requirements for bringing their habeas petitions. Resps.' Opp. at 5. Specifically, they contend that petitioner Ahmed Abdel Aziz, who brought the petition for a writ of habeas corpus as the next friend of petitioner Abdul Haleem, lacks proper next friend standing. Id. As the Court has previously noted, however, see Mohammon v. Bush, Civ. No. 05-2386(RBW), Order at 4 n.5 (D.D.C. June 27, 2006), it is not convinced that entering the protective orders in cases where petitions are brought by representatives who do not satisfy all the criteria of next friend status would amount to overstepping its jurisdictional bounds where the protective orders are entered simply to enable the petitioners to have access to their attorneys. Indeed, for the very reasons identified by the respondents, see Nasrullah v. Bush, Civ. No. 891 (RBW), Respondents' Motion to Stay Proceedings Pending Related Appeals and for Coordination at 5-6 (June 3, 2005), the petitioners are no less in need of access to counsel to challenge the respondents' allegation that the petitioners' representatives lack next friend status than they are to pursue their underlying habeas actions. Consequently, the Court sees no reason why the alleged deficiencies in the petitioners' representatives' next friend status requires it to deny them access to their attorneys. Accordingly, it is, this 29th day of June, 2006, hereby

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, in In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004), the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004, in In re Guantanamo Detainee Cases, and the Order Supplementing and Amending Filing

Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December

13, 2004, in In re Guantanamo Detainee Cases, shall also apply to this case.

      **SO ORDERED.**

REGGIE B. WALTON
United States District Judge
