IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HALEEM, *et al.*,          ) | |
| )| |
| Petitioners,          ) | |
| )| |
| v.          ) | Civil Action No. 05-CV-2376 (RBW) |
| )| |
| GEORGE W. BUSH,          ) | |
| President of the United States,          ) | |
| *et al.,*          ) | |
| )| |
| Respondents.          ) | |

**RESPONDENTS' MOTION FOR RECONSIDERATION OF THE COURT'S
JUNE 30, 2006 ORDER ENTERING THE PROTECTIVE ORDER IN THIS CASE**

Respondents, as explained below, hereby respectfully seek reconsideration of the Court's

June 30, 2006 Order (dkt. no. 17), which enters the Protective Order, and related, supplementary

orders,[1] in this action.  Counsel for petitioners and respondents have conferred, and petitioners'

counsel have indicated that they oppose the relief requested herein.

A court should reconsider an interlocutory order where "justice requires" it, in the sense

that reconsideration may be appropriate when the court has "'patently misunderstood a party, has

made a decision outside the adversarial issues presented to the Court by the parties, has made an

error not of reasoning but of apprehension, or where a controlling or significant change in the law

or facts [has occurred] since the submission of the issue to the Court.'" See Singh v. George

---

[1]  In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004)
("Protective Order"); Order Supplementing and Amending Filing Procedures Contained in
November 8, 2004 Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-
0299, et al. (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected
Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 10,
2004).

Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.) (citing Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004)).  "Errors of apprehension may include a Court's failure to consider 'controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court.'" Id. (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

In this case, reconsideration of the Court's decision to enter the Protective Order in this case is appropriate, given that the Court appears to have based its decision on a misapprehension of the effect of the Supreme Court's recent decision in Hamdan v. Rumsfeld, 548 U.S. —, slip op. at 7-20 (U.S. June 29, 2006), on respondents' position regarding whether the Court may exercise jurisdiction over this action in light of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act").  The Act, among other things, amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, id., § 1005(e)(1), and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, id., § 1005(e)(1), (e)(2), (e)(3).  Section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.

In its June 30, 2006 Order, the Court rejected respondents' position that the Act deprives the Court of jurisdiction over this case because "the Supreme Court expressly foreclosed this argument in Hamdan v. Rumsfeld . . . (holding that §§ 1005(e)(1) of the DTA does not deprive courts of jurisdiction in cases brought by Guantanamo Bay detainees prior to the effective date of

the DTA)." Order dated June 30, 2006 at 1.[2]  While the Supreme Court in <u>Hamdan</u> held that §

1005(e)(1) of the Detainee Treatment Act did not apply to habeas petitions pending prior to the

enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly

apply to cases pending prior to enactment.  Although the petitioner in <u>Hamdan</u> escaped the

operation of the Act because his challenge did not involve a final decision of a military

commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the

Court reserved the question of the effect of the exclusive review provisions of the Act on other

cases, stating that "[t]here may be *habeas* cases that were pending in the lower courts at the time

the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of

subsection (e)(2) or (e)(3).  We express no view about whether the DTA would require transfer

of such an action to the District of Columbia Circuit."  <u>Hamdan</u>, slip op. at 18, n.14.  The above-

captioned case is such a case, <u>i.e.</u>, challenging petitioner's designation as an enemy combatant

through the Combatant Status Review Tribunal.  Given the Act's investment of exclusive review

in the Court of Appeals, the District Court lacks jurisdiction over this case for it is well-settled

that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under

more general grants of jurisdiction, including habeas corpus.  <u>Cf.</u>, <u>e.g.</u>, 5 U.S.C. § 703 ("form of

proceeding for judicial review is the special statutory review proceeding relevant to the subject

matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable

form of legal action, including actions for . . . writs of . . . habeas corpus"); <u>Thunder Basin Coal</u>

---

[2]  The Court similarly concluded that the Supreme Court's conclusion in <u>Hamdan</u> also
foreclosed respondents' arguments regarding petitioners' alleged "separate entitlement to
counsel" and the Court's discretionary, statutory authority to appoint counsel for certain habeas
petitioners recognized in <u>Al Odah v. United States</u>, 346 F. Supp. 2d 1, 4-5, 7-8, 11 n.12 (D.D.C.
2004).  <u>See</u> Order dated June 30, 2006 at 1, n.1.

Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act

precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466

U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of

the agency's disposition of these issues was appeal to the Court of Appeals as provided by

statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily

reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332

F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was

not authorized to hear this § 2241 habeas petition.").  See also Telecommunications Research and

Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not

expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a

particular court cuts off original jurisdiction in other courts in all cases covered by that statute")

(footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of

Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of

Appeals).

        Thus, the Supreme Court's decision in Hamdan has not "expressly foreclosed" the issue

of whether this Court may exercise jurisdiction in this case in light of the Act.  See Order dated

June 30, 2006 at 1.  The Court's rejection of respondents' arguments regarding the effect of the

Act on the Court's jurisdiction over this action constitutes a serious "error of apprehension"

concerning the effect of the Hamdan decision.[3]  Cf. Singh, 383 F. Supp. 2d at 101 ("errors of

_____

        [3]  The effect of the Act was addressed in supplemental briefing in the Guantanamo
detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al
Odah v. United States, No. 05-5064), and respondents have recently requested that the Court of
Appeals permit additional briefing on the effect of the Hamdan decision on this issue.  See
Respondents' Notice Regarding Steps Taken in the Wake of the Supreme Court's Recent

apprehension" may include a Court's failure to consider "controlling decisions or data that might

reasonably be expected to alter the conclusion reached by the court").  Accordingly, the Court

should modify its June 30, 2006 Order to address this error and withdraw the conclusion in the

Order that Hamdan has completely resolved the issue of whether this Court may exercise

jurisdiction in this case.  While respondents maintain their position that entry of the Protective

Order in this action requires an assertion of jurisdiction and authority in the case inconsistent

with the Detainee Treatment Act – i.e., (in the wake of Hamdan) with the Act's investment of

exclusive jurisdiction in the Court of Appeals[4] – which warrants reconsideration of entry of the

Protective Order in this case altogether,[5] at the very least the Court should modify its June 30,

2006 Order to withdraw the conclusion in the Order that Hamdan has resolved the issue of

whether this Court may exercise jurisdiction in this case.

_____

Decision in Hamdan v. Rumsfeld (dkt. no. 19).

[4] See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

[5] Respondents also maintain their position that entry of the Protective Order and counsel access to petitioners is improper because petitioners have not established proper standing to sue pursuant to 28 U.S.C. § 2242, which requires that a petition for habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." Given that petitioners have not demonstrated that Abdul Haleem, the detainee for whom habeas relief is sought, has "signed and verified" the petition, petitioners must establish that Ahmed Abdel Aziz, another detainee who claims to act as Abdul Haleem's "next friend," satisfies the Supreme Court's requirements for next friend standing articulated in Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990).  See Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing at 3-13 (dkt. no. 5).  Until petitioners are able to demonstrate proper standing to sue, the Court cannot exercise jurisdiction over this action, and entry of the Protective Order, as well as counsel access to petitioner Abdul Haleem pursuant to the Protective Order, are improper.

For these reasons, respondents' motion for reconsideration of the Court's June 30, 2006

Order entering the Protective Order in this case should be granted.  A proposed order is attached.

Dated: July 17, 2006                    Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                         /s/ Preeya M. Noronha
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        TERRY M. HENRY
                                        JAMES J. SCHWARTZ
                                        PREEYA M. NORONHA
                                        ROBERT J. KATERBERG
                                        NICHOLAS J. PATTERSON
                                        ANDREW I. WARDEN
                                        EDWARD H. WHITE
                                        MARC A. PEREZ
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W.  Room 7144
                                        Washington, DC  20530
                                        Tel:  (202) 514-4107
                                        Fax:  (202) 616-8470

                                        Attorneys for Respondents