IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDUL HALEEM, | ) | |
| | ) | |
| Petitioner/Plaintiff | ) | |
| | ) | |
| v. | ) | CA No. 05-2376 (RBW) |
| | ) | |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) | |
| | ) | |
| Respondents/Defendants. | ) | |

**PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION FOR
RECONSIDERATION OF COURT'S JUNE 30, 2006 ORDER
ENTERING THE STANDARD PROTECTIVE ORDER FOR
THIS GUANTANAMO BAY DETAINEE CASE**

On June 30, 2006, this Court granted Petitioner's Motion for Expedited Entry of Protective Order which sets forth the conditions by which counsel may visit a prospective client who is being held as a detainee at Guantanamo Bay, Cuba. The Petitioner is Abdul Halim Sadiqi,[1] a citizen of Pakistan. Respondents have filed a Motion for Reconsideration of the Court's Order on the basis that the Court has committed an "error of apprehension" with regard to the Supreme Court's decision in *Hamdan v. Rumsfeld*, 548 U.S. __ (June 29, 2006). Respondents' Memorandum at 2. Respondents argue in essence, that, because Petitioner has allegedly been subjected to a Combat Status Review Tribunal ("CSRT"), Petitioner's pending habeas petition and all its associated claims are extinguished and replaced by a narrow right to seek review of the CSRT's decision in the District of Columbia Circuit Court of Appeals, citing

---

[1] Recently, pursuant to a Freedom of Information Act request, the Department of Defense released, for the first time, a list of the names of the detainees at Guantanamo Bay, Cuba. The name of Petitioner in this case was given as Abdul Halim Sadiqi, ISN # 1007.

§ 1005(e)(1) of the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, tit. X, 119 Stat. 2680.[2]

Respondents further argue that the Supreme Court's decision in *Hamdan* confirmed that, although the jurisdiction-ousting provisions did not apply to cases pending at the time of enactment of the DTA, all appeals from the CSRT must be heard exclusively in the District of Columbia Circuit, not this District Court.  Respondents then conclude that this Court lacks subject matter jurisdiction to issue the Protective Order in this case because the Petitioner has allegedly been found to be lawfully detained by the CSRT.[3]

Petitioner submits that the Court's decision to adopt formally the conditions and restrictions necessary for Petitioner's interaction with counsel in determining his legal rights suffered from no "error of apprehension" whatsoever.  In fact, on closer examination, Respondents' position is the one that suffers from several serious "errors of apprehension."    First, Petitioner's habeas claims are far broader than whatever claims might emanate from an alleged CSRT decision.  In fact, the Department of Defense has a separate procedure for detainees called the Administrative Review of the Detention of Enemy Combatants that annually determines whether a detainee should be released, transferred, or continue to be detained.  Exhibit 2 (Dept. of Defense Memorandum Re: Administrative Review of the Detention of Enemy Combatants, Sept. 14, 2004).  In contrast, the CSRT process is optional for a detainee.  Exhibit 3 (Secretary of the Navy Memorandum Re: Combat Status Review Tribunal Procedures, July 29, 2004).  But every detainee is subject to the

---

[2] Some of the relevant provisions are codified in 28 U.S.C. § 2241(e).  A copy of the DTA is attached as Exhibit 1.

[3] However, Respondents offer no factual evidence that as to whether this allegation is true or not. No declarations were submitted with their motion and no copy (either unclassified, redacted or under seal) of the findings of the CSRT are provided to the Court in connection with their Motion for Reconsideration.  Thus, Respondents have proffered no evidence that Petitioner opted to participate in the CSRT process or in fact is appealing any decision relating to that process.

Administrative Review Process. Petitioner's previously-filed habeas petition focuses on issues relating to his continuing detention that have been addressed in the Administrative Review Process.[4] There is no evidence that he has participated in the CSRT process. Thus, Respondents fail entirely in showing that the CSRT process is relevant to Petitioner and therefore that the jursidiction-shifting provisions in the DTA apply to the facts of this case. Without such showings, Respondents have not met their heavy burden for obtaining reconsideration of the Court's June 30, 2006 Order. In fact, their argument appears entirely academic, presented for no reason other than to plant the flag of its content for later use.

Second, a further flaw in Respondents' "misapprehension" argument is the plain language of the DTA itself. In the DTA, Congress directed that Respondents submit a report of the procedures for the conduct of the CSRT and the Administrative Review Boards. See DTA, § 1005(a). Presumably, until this submission is completed in a manner consistent with the requirements set forth by Congress (including an assessment as to whether any statement was derived by coercion), no CSRT appeal can be conducted. As just noted, Respondents present no evidence that Petitioner has been subjected to a CSRT process that meets the Congressional requirements set forth in the DTA. In addition, the jurisdiction-shifting provisions of § 1005(e) [28 U.S.C. § 2241(e)(2)(B)] appear to operate only with respect to a detainee who has been "determined" by the District of Columbia Circuit "to have been properly detained as an enemy combatant." No such determination has been made with regard to Petitioner.

Third, a more plausible interpretation of the DTA is that, because Congress did not intend to apply the jurisdiction-ousting provisions to pending habeas cases or the jurisdiction-

---

[4] It would be extraordinary to assume, without more factual information, that Petitioner had any true understanding as to the operation of either the CSRT or Administrative Review Process.

shifting provisions to cases that do not involve the CSRT as reconstituted or otherwise, this Court has jurisdiction to consider Petitioner's pending habeas petition with respect to his detention and other claims. Yet Respondents fail to spot this obvious issue, much less address or refute it.

Fourth, this Court need not even reach these factual and legal issues in order to deny Respondents' Motion for Reconsideration. For all the reasons cited in its June 30, 2006 Order, the Court has sufficient jurisdiction to direct implementation of an agreed-upon Protective Order that is the only method by which a detainee may meet with and select counsel to assist him in dealing with the legal labyrinth into which Respondents have placed him. The decision in *Al Odah v. United States*, 346 F.Supp.2d 1 (D.D.C. 2004) remains good law. The right to counsel should not be further constrained by Respondents' seemingly never-ending litigation maneuvers.

In conclusion, Petitioner asks the Court to deny Respondents' Motion for Reconsideration of its June 30, 2006 decision to enter the Amended Protective Order and Procedures for Counsel Access to the United States Naval Base in Guantanamo Bay, Cuba and associated orders.

Dated July 19, 2006

                                          Respectfully submitted,

                                          DAVIS WRIGHT TREMAINE LLP

                                            /s/
                                          Richard L. Cys (DC Bar No. 087536)
                                          1500 K Street, NW, Suite 450
                                          Washington, DC  20005-1272
                                          Tel:  (202) 508-6617
                                          Fax:  (202) 508-6699

James P. Walsh (DC Bar No. 930115)
One Embarcadero Center, Suite 600
San Francisco, CA  94111-3611
Tel:  (415) 276-6556
Fax:  (415) 276-6599

*Counsel for Petitioner*

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tina Monshipour Foster
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012

5

### CERTIFICATE OF SERVICE

      I, Richard L. Cys, hereby certify at on this 19th day of July, 2006, I caused copies of the foregoing Petitioner's Opposition to Respondents' Motion for Reconsideration of Court's June 30, 2006 Order Entering the Standard Protective Order for This Guantanamo Bay Detainee Case, to be served on each of the Respondents or their counsel as follows:

*By Express Mail:*

Kenneth L. Wainstein
U.S. Attorney
District of Columbia District
Judiciary Center
555 4th Street, N.W.
Washington, DC  20530

Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
Robert F. Kennedy Building
Tenth Street & Constitution Avenue, N.W.
Room 5111
Washington, DC  20530

George W. Bush
President of the United States of America
The White House
1600 Pennsylvania Avenue, N.W.
Washington, DC  20500

Donald Rumsfeld
Secretary of Defense
U.S. Department of Defense
1000 Defense Pentagon
Washington, DC  20301-1000

*By email to:*

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Room 6120
Washington, DC  20530
e-mail:  Andrew.Warden@usdoj.gov

                                                      /s/
                                        Richard L. Cys