IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDUL HALEEM, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-2376 (RBW) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' REPLY TO PETITIONER'S OPPOSITION TO RESPONDENTS'
MOTION FOR RECONSIDERATION OF THE COURT'S
JUNE 30, 2006 ORDER ENTERING THE PROTECTIVE ORDER IN THIS CASE**

Respondents hereby submit this memorandum in reply to petitioner's opposition to respondents' motion for reconsideration of the Court's June 30, 2006 Order entering the protective order in this case.

As noted in respondents' motion for reconsideration, the motion is directed at language in the Court's June 30, 2006 Order stating that the Supreme Court's recent decision in Hamdan v. Rumsfeld, 548 U.S. ___, 126 S. Ct. 2749 (U.S. June 29, 2006), "expressly foreclosed" an argument that the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), deprives the Court of jurisdiction over a case like this, brought prior to enactment of the DTA.  See Order dated June 30, 2006 at 1.  As explained in respondents' motion, Hamdan did not address the issue whether the DTA's investment of exclusive jurisdiction in the Court of Appeals under § 1005(e)(2) (for review of final decisions of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant) precludes the exercise of jurisdiction in this Court to review whether a detainee is properly

detained as an enemy combatant under more general grants of jurisdiction, such as habeas corpus. Accordingly, reconsideration of the "expressly foreclosed" language in the Court's order is appropriate. Further, on July 26, 2006, the Court of Appeals ordered supplemental briefing regarding the effect of the Hamdan decision with respect to the pending appeals, which also involve habeas cases brought prior to the enactment of the DTA. Supplemental briefing is scheduled to be completed by August 15, 2006.

Petitioner's opposition to respondents' motion is riddled with factual and legal errors, including concerning the contents and interpretation of the DTA. In light of the primary concern of respondents' motion, that is, the "expressly foreclosed" language in the June 30 Order, and the fact that the effect of the DTA on pending habeas cases is being addressed in the Court of Appeals, respondents, rather than engaging in an extended discussion of each of the errors in petitioner's opposition, note three emblematic examples. Petitioner incorrectly claims that the Combatant Status Review Tribunal ("CSRT") "process is optional for a detainee." See Petitioner's Opposition to Respondents' Motion for Reconsideration of Court's June 30, 2006 Order Entering the Standard Protective Order for this Guantanamo Bay Detainee Case ("Opp.") (dkt. no. 21) at 2. However, "each detainee in the control of the Department of Defense at the Guantanamo Bay Naval Base, Cuba," at the time the CSRTs were conducted, including petitioner, was subject to the CSRT process. See July 29, 2004 Memorandum for Distribution, Enclosure (1) (Combatant Status Review Tribunal Process) (available at: http://www.defenselink.mil/news/Jul2004/d20040730comb.pdf).[1]

---

[1] Petitioner also states that respondents "have proffered no evidence that Petitioner opted to participate in the CSRT process or in fact is appealing any decision relating to that process." Opp. at 2 n.3. However, the "Combatant Status Review Tribunals for all of the DOD detainees

Petitioner also states that in § 1005(a) of the DTA, "Congress directed that Respondents submit a report of the procedures for the conduct of the CSRT and the Administrative Review Boards," and makes the unfounded presumption that until such a submission is made "(including an assessment as to whether any statement was derived by coercion), no CSRT appeal can be conducted." Opp. at 3. However, the DTA makes no mention of the submission of procedures called for in the DTA having any effect on pre-DTA CSRT decisions or their appeals. In fact, the DTA's requirement that CSRTs assess whether any statements were "obtained as a result of coercion," expressly applies prospectively. See DTA § 1005(b)(1) (requirement "applies with respect to any proceedings beginning on or after the date of the enactment of this Act"). Furthermore, the requirements of the DTA generally took effect "on the date of the enactment" of the DTA. See DTA § 1005(h). Absent explicit direction to the contrary from Congress,[2] the CSRT and ARB procedures called for in Section 1005(a)(1) would only affect, at most, post-DTA CSRT and ARB procedures and, thus, decisions and appeals made under such procedures. Therefore, Section 1005(a)(1) would not affect the appeal of petitioner's CSRT proceedings because his CSRT decision, like those of all current detainees, pre-dated the DTA's enactment.

Further, petitioner's assertion that "the jurisdiction-shifting provisions of § 1005(e) [28 U.S.C. § 2241(e)(2)(B)] appear to operate only with respect to a detainee who has been 'determined' by the District of Columbia Circuit 'to have been properly detained as an enemy

---

at Guantanamo" were completed in March 2005. See Defense Department Special Briefing on Combatant Status Review Tribunals (March 29, 2005) (emphasis added) (available at: http://www.defenselink.mil/transcripts/2005/tr20050329-2382.html).

[2] See Landgraf v. USI Film Products, 511 U.S. 244, 280 (1994) (presumption against retroactive application of statutes).

combatant,'" Opp. at 3, is plainly incorrect.  The "jurisdiction-shifting" provision, § 1005(e)(2), clearly states that the D.C. Circuit has "exclusive jurisdiction" over "any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant." See DTA § 1005(e)(2).  Thus, the DTA invests the D.C. Circuit with exclusive jurisdiction to review a CSRT's determination that an individual is properly detained as an enemy combatant.  Whether or not the D.C. Circuit affirms the CSRT's initial determination pursuant to § 1005(e)(2) has no bearing on whether the "jurisdiction-shifting provisions" apply in the first place.  Provided that the CSRT has issued a final decision that an alien is properly detained as an enemy combatant, which is the case here, the D.C. Circuit maintains exclusive jurisdiction to review the CSRT's determination under the DTA.

In any event, as explained supra, the Hamdan decision has not "expressly foreclosed" an argument that the DTA deprives the Court of jurisdiction over a case like this, brought prior to enactment of the DTA.  Accordingly, the Court should, at the very least, modify its June 30, 2006 Order to withdraw the conclusion that Hamdan altogether resolved the issue of whether this Court may exercise jurisdiction in this case.

For these reasons, respondents' motion for reconsideration of the Court's June 30, 2006 Order entering the Protective Order in this case should be granted.

Dated: July 31, 2006                                Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General

                                                DOUGLAS N. LETTER
                                                Terrorism Litigation Counsel

/s/ Nicholas J. Patterson
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7220
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents